■ In the Matter of MATTHEW N. DE PASQUALE, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — This is a proceeding under article 78 of the Civil Practice Act to review a determination of the respondent Board of Regents which revoked petitioner's license to practice medicine on the ground that he had been convicted of the crime of unlawfully dispensing a narcotic drug contrary to the provisions of the Narcotic Law of the State of Florida. The Regents Committee on Discipline found that the acts alleged in the Florida information, would, if committed in the State of New York, be a felony under section 1751 of the Penal Law. The proceeding comes directly to this court pursuant to subdivision 5 of section 6515 of the Education Law. Although a hearing was held before the New York State Board of Regents Committee on Discipline at which petitioner appeared in person and was represented by counsel the testimony, if any, adduced at that hearing is not in the record. We therefore take the facts as conceded by petitioner in the brief of his counsel before this court. Petitioner was licensed to practice medicine in the State of New York and also in the State of Florida where he maintained an office at West Palm Beach. One Lipsky sought to obtain from him 100 demerol tablets, allegedly for patients at a sanatorium. Petitioner ordered the tablets from a pharmacist and covered the order by two false prescriptions for 50 tablets each, issued to two of his patients who were suffering from cancer. Petitioner gave Lipsky the bottle containing 100 tablets but claims that he refused payment therefor. Later Lipsky disappeared with the tablets and left $30 in payment therefor which petitioner tried to return. On May 18, 1956 petitioner appeared in a criminal court in Florida and pleaded guilty to violating the Narcotic Law of Florida. The information charged that he "unlawfully did, not in good faith and not in the course of his professional practice, dispense a narcotic drug, to wit: 100 tablets Demerol, to one William David Lipsky." It may be observed that all violations of the Narcotic Law are felonies in that State. Petitioner was sentenced in Florida to a prison term of three years or pay a fine of $5,000. In New York the Penal Law in force at the time of the Florida conviction read in part as follows: "Any person who shall barter or exchange with or sell, give or offer to give to another any narcotic drug, as defined in section thirty-three hundred one of the public health law, in violation of any section of article thirty-three of such law shall be punishable by imprisonment for an indeterminate term the minimum of which shall be not less than five years if such barter or exchange is with or such sale, gift or offer of gift is to another who is under the age of twenty-one, and not less than two years

if such barter or exchange is with or such sale, gift or offer of gift is to another who is twenty-one years of age or over, and the maximum of which shall be not more than fifteen years." (Penal Law, § 1751, subd. 1; L. 1954, ch. 239.) The present law reads as follows: "1. Any person who shall violate any provision of article thirty-three of the public health law, other than as specified in section seventeen hundred fifty-one, shall be guilty of a misdemeanor, punishable by a fine not exceeding five hundred dollars or imprisonment not exceeding one year, or both such fine and imprisonment, except as provided in subdivision two of this section." (Penal Law, § 1751-a.) Petitioner argues that the "dispensing" of a narcotic drug is not one of the prescribed acts constituting felonies pursuant to section 1751 of the Penal Law, just quoted, and that petitioner's offense for which he was convicted in Florida must be deemed to have been a misdemeanor under the provisions of section 1751-a of the Penal Law. Obviously the crux of the matter is the effect to be given to the term "dispense". While the term dispense is sometimes used synonymously with the term "prescription" it ordinarily has a greater meaning, but in any event the term is specifically defined under New York law as follows: "'Dispense' includes distribute, leave with, give away, dispose of, or deliver". (Public Health Law, § 3301, subd. 15). On the basis of petitioner's own statement when he pleaded guilty under the Florida law to dispensing a narcotic drug he admitted at least giving away the same within the statutory meaning of "dispense" as provided for in New York. We have a situation that petitioner was guilty of a felony in the State of Florida and pleaded guilty to an act which would have been felonious in the State of New York. This is not a case where petitioner was convicted of writing an unlawful prescription, which would have been a mere misdemeanor under New York law at the time (*Matter of Tonis* v. *Board of Regents*, 295 N. Y. 286). Therefore we find no legitimate basis for interfering with the determination of the Board of Regents. Determination unanimously confirmed, with $50 costs. Present— Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.