JULIUS LEDERMAN et al., Appellants, *v.* McLEAN TRUCKING Co. and ano., Respondents, and JOHN D. KELLY, Defendant.

Second Department, February 26, 1973.

*Irving Lederman* for appellants.

*Weingrad & Weingrad (Samuel B. Weingrad* of counsel), **for** respondents.

SHAPIRO, Acting P. J.   The question in this case is whether the court obtained jurisdiction over defendants McLean Trucking Co. (McLean) and John Stephen Adams.

An automobile driven by plaintiff Julius Lederman, in which the other plaintiffs were passengers, was involved in a three-car collision in Brooklyn, New York, on March 27, 1969.  McLean, a North Carolina corporation, was the owner of one of the vehicles and defendant Adams was the operator of that vehicle. Defendant Kelly, not a party to this appeal, apparently was the operator of the third vehicle.

Service of process — purportedly in compliance with section 253 of the Vehicle and Traffic Law — was made upon the respondents, McLean and Adams, on March 10, 1972 by serving the Secretary of State of the State of New York with a summons containing thereon a notice reading as follows:

" Notice: The object of this action is to recover for injuries and damages by reason of defendants' negligence in the operation of their vehicles March 27, 1969 at Brooklyn Queens Expressway, approach to Belt Parkway, Brooklyn, N. Y.

" The relief sought is money damages.

" Upon your failure to appear, judgment will be taken against you by default for the sum of $80,000.00 with interest from March 27, 1969 and the costs of this action." *

Thereafter, on March 14, 1972, by registered mail — return receipt requested — the respondents were sent a copy of the foregoing summons, together with notice of its service on the Secretary of State. In compliance with the statute, the plaintiffs, on April 11, 1972, filed copies of all of the foregoing, including the return receipts, with the County Clerk of Kings County.

The Special Term granted the respondents' motion to dismiss the action on the ground that a complaint had not been served with the summons and denied the plaintiffs' cross motion for leave to serve a complaint upon the respondents *nunc pro tunc,* saying, " A complaint cannot be served in an action which does not exist." Hence, this appeal.

Subdivision 2 of section 253 of the Vehicle and Traffic Law, so far as here applicable, reads: " 2. A summons in an action described in this section may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. *Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of five dollars, and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested.* The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, in accordance with the rules and customs

---

* CPLR 305 (subd. [b]) authorizes the service of a "summons and notice" and provides that "in an action for a sum certain or for a sum which can by computation be made certain, the sum of money for which judgment will be taken in case of default " may be included in the notice. In this negligence case, in the event of a default, there could be the entry of a judgment only after inquest.

of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail. Where the summons is mailed to a foreign country, other official proof of the delivery of the mail may be filed in case the post-office department is unable to obtain such a return receipt. *The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete when such papers are filed.* The return receipt or other official proof of delivery shall constitute presumptive evidence that the summons mailed was received by the defendant or a person qualified to receive his certified mail or registered mail; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent " (emphasis supplied).

Relying on *Stewart* v. *Transcontinental Car Forwarding Co. of Akron* (169 Misc. 427), the plaintiffs contend that the failure to serve a complaint with the summons is merely an irregularity not affecting the fundamental jurisdiction acquired by the court through the service of the summons. That case dealt with section 52 of the former Vehicle and Traffic Law, the predecessor of section 253, but the pertinent language of both is the same. Mr. Justice BERGAN, sitting in Special Term, in upholding the service — despite the absence of a complaint — said:

" If jurisdiction of the defendant can be deemed to have been acquired by the service of the summons upon the Secretary of State as its attorney and by the mailing of the summons alone to it, the omission of mailing the complaint may be treated as an irregularity and may be corrected or supplied. (Civ. Prac. Act, § 105.) If jurisdiction of the defendant was not acquired, however, the court is wholly without power to correct any defect in the proceedings by which jurisdiction was attempted to be obtained.

" A civil action is commenced by the service of a summons. (Civ. Prac. Act, § 218.) (p. 428). * * *

" The statute here under consideration, in so far as pertinent to this motion, provides that the service of the summons ' shall be made ' by leaving with or mailing a copy thereof to the Secretary of State at his office in the city of Albany with a fee of two dollars. This is the manner of ' service ' of the summons

directed by the statute. It is made upon the Secretary of State as the constructive attorney of a non-resident who operates a motor vehicle upon a public highway of the State. Such service, the statute continues ' shall be sufficient service ' provided that notice of such service and a copy of the summons and complaint are forthwith sent by registered mail to the defendant.

" It will be observed, however, that service of the summons is not made by the mailing to the defendant, but is made upon the Secretary of State as attorney. That act constitutes the service of the process. The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney. The omission of a copy of the complaint from the papers mailed could not possibly prejudice the defendant in this case. Defendant was fully apprised by the summons that, if the complaint was not served with it, an appearance could be made in the action, which could have no other meaning than that the pleading would follow in due course.

" I reach the conclusion that this omission is a mere irregularity in the notice to be given and that effective service was made upon the defendant by the service of the Secretary of State and by mailing the summons and notice to the defendant by registered mail. Accordingly, jurisdiction of the defendant has been acquired by the court " (pp. 430-431).

I cannot accept the conclusion reached by Justice BERGAN, for it seems to me that he gave no effect to that portion of the statute which, after providing for service of the summons on the Secretary of State, specifically and unequivocally states that " such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the *summons and complaint* are forthwith sent " to the defendant and that " service of process shall be complete when such papers are filed " (emphasis supplied).

True it is that the statute is inartistically drawn when it first provides that " service of such summons shall be made by mailing a copy thereof to the secretary of state," without specifying the necessity for a complaint, but that phrase in the statute may not be separated from the balance of the sentence in which it is contained and given a construction as if it stood in solitary isolation. The statute must be read as a whole and each portion of it must be given meaning and effect, if possible, without rejecting any part as superfluous, when it is practicable to give to each a distinct and separate meaning (McKinney's Cons.

Laws of N. Y., Book 1, Statutes, § 231; *People* v. *Dethloff*, 283 N. Y. 309; *Allen* v. *Stevens*, 161 N. Y. 122, rearg. den. 161 N. Y. 659; *Matter of Tonis* v. *Board of Regents of Univ. of State of N. Y.*, 295 N. Y. 286).

Thus construed, I see no escape from the words in the statute that " such service shall be sufficient service upon such non-resident provided that notice of such service [of the summons upon the Secretary of State] *and a copy of the summons and complaint* are forthwith sent by and on behalf of the plaintiff to the defendant ".

In *McCoon* v. *Schoch* (30 A D 2d 768), the nonresident defend-ant was sought to be brought under the jurisdiction of the court-under section 253 although there too he had been served with a summons *without a complaint,* and in addition the plaintiffs failed to notify him at the time he was served with the summons that a copy thereof had been served on the Secretary of State. The court held that the plaintiffs' failure to comply with either hinge of the statutory requirements precluded the court from exercising jurisdiction. Said the court: " They did not give defendant notice of service of the summonses on the Secretary of State and they did not send a copy of the complaint to him. Jurisdiction of defendant could only be obtained by compliance with the proviso. The Legislature has power to prescribe the ways in which jurisdiction may be acquired by the service of process and service is ineffective if the statutory requirements are not met."

In *Ranieri* v. *Wilson* (34 A D 2d 1084), the same court reaffirmed the principle enunciated by it in *McCoon* that jurisdiction of a nonresident defendant under section 253 of the Vehicle and Traffic Law can be obtained only by strict compliance with its requirements. However, the conclusion I have reached that a complaint must accompany the summons if jurisdiction is to be obtained over a nonresident under section 253 is not, in my view, determinative of the instant appeal, for a reason not adverted to by the Special Term or raised by the appellants.

On June 18, 1968, pursuant to the power granted it by CPLR 107, the Judicial Conference adopted an appendix of official forms to become effective September 1, 1968. In the introduc-tory statement to these forms we find the following: " 2. The pleading forms in this appendix exemplify the simplicity and brevity of statement which the CPLR contemplates and are suf-ficient under the CPLR when used in the pleading of claims and defenses arising out of the types of factual situation illustrated."

Official Form 12 sets forth the pleading requirements in a "complaint for negligence in an automobile accident case." It contains the following illustrative allegations:

"1. On June 1, 1966, in a public highway called Broadway in New York City, defendant C. D. negligently drove a motor vehicle against plaintiff who was then crossing the highway.

"2. That motor vehicle was then owned by defendant E. F. and driven by defendant C. D. with defendant E. F.'s permission.

"3. Solely as a result of defendant C. D.'s negligence, plaintiff was personally injured, lost earnings and incurred expenses for [e.g., care and treatment].

"Wherefore plaintiff demands judgment against C. D. and E. F. for the sum of twenty thousand dollars, and costs and disbursements."

The factual statements in the " notice " inscribed on the summons served upon the respondents, although not intended as a complaint, clearly contain all the information required in a "complaint for negligence in an automobile accident case " as set forth in the official form. The " notice " gives the date and place of the accident; it alleges that the resulting damages were occasioned " by reason of defendants' negligence in the operation of their vehicles "; and it specifies the amount sought as damages. If the word " complaint " were substituted for the word " notice ", the notice clearly would have been sufficient as a complaint under the official form, although perhaps subject to amendment to require separate stating and numbering.

Under the circumstances, to hold that the " notice " was not sufficiently definite to constitute compliance with the " complaint " requirement of section 253 of the Vehicle and Traffic Law would exalt form over substance. By the " notice ", the respondents were given every pleading detail of the suit which the law requires. Thus, the court acquired jurisdiction over the respondents.

Accordingly, the order dated July 17, 1972 should be reversed, without costs, insofar as, upon reargument, it adhered to the original decision embodied in the order of June 12, 1972 granting the respondents' motion to dismiss the action and to vacate the service of the summons, as to them; the said motion should be denied; and the plaintiffs' cross motion for leave to serve a complaint upon the respondents *nunc pro tunc* (which should be deemed to be a motion for leave to serve an amended complaint) should be granted. The time within which the amended complaint may be served should be extended until 20 days after entry of the order to be made hereon.

The appeal from the order dated June 12, 1972 should be dismissed as academic, without costs, that order having been superseded by the order dated July 17, 1972.

GULOTTA, CHRIST,. BRENNAN and BENJAMIN, JJ., concur.

Appeal from order dated June 12, 1972, dismissed as academic, without costs. That order was superseded by the order dated July 17, 1972.

Order dated July 17, 1972 reversed, without costs, insofar as it adhered to the original determination; said defendants' motion denied; and plaintiffs' cross motion for leave to serve a complaint upon respondents *nunc pro tunc* (which is hereby deemed to be a motion for leave to serve an amended complaint) granted. The time within which the amended complaint may be served is extended until 20 days after entry of the order to be made hereon.