■ ROBERT A. MOORE, JR., Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent. (Action No. 1.) ROBERT A. MOORE, JR., Appellant, v MATLACK, INC., Respondent. (Action No. 2.)—Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered November 28, 1986 in Albany County, which, *inter alia,* denied plaintiff's motions for summary judgment in both actions and, in action No. 1, granted defendant's cross motion for summary judgment dismissing the complaint.

In action No. 1, plaintiff contends that his 1978 International tractor was insured for property damage by defendant St. Paul Fire and Marine Insurance Company and he seeks to recover $30,000 for the damage sustained by the 1978 vehicle in an accident. In action No. 2, plaintiff contends that defendant Matlack, Inc. agreed to obtain property damage coverage for the 1978 vehicle and he seeks to recover the $30,000 based upon Matlack's breach of that agreement.

From April 1983 through August 1983, plaintiff had a written agreement with Matlack whereby plaintiff leased a 1977 GMC tractor to Matlack to haul materials. Pursuant to the lease agreement, the 1977 vehicle was insured for property damage by St. Paul in its policy issued to Matlack, which provided coverage for "any auto under lease to Matlack, Inc.

[and] reported to [St. Paul] in [Matlack's] monthly reporting form". When the 1977 vehicle required major engine repair in August 1983, plaintiff elected to replace that vehicle with the 1978 vehicle. Plaintiff sought to lease the 1978 vehicle to Matlack, but was told that there was not enough steady work for him. According to plaintiff, Matlack's representative assured him that Matlack would lease the 1978 vehicle when business picked up and that, in the meantime, Matlack would provide property damage insurance for the 1978 vehicle. Matlack's representative denied having made any such promise. The 1978 vehicle was destroyed in an accident on November 25, 1983 while being driven by one of plaintiff's drivers. At the time of the accident, the 1978 vehicle was leased to Pasquale Trucking Company.

The insurance policy in question, issued by St. Paul to Matlack, clearly required that a vehicle be under lease to Matlack and that the vehicle be listed on the monthly reporting form in order for the vehicle to be covered. It is uncontested that the 1978 vehicle was reported on Matlack's monthly form for August 1983, listed under changes in coverage. We agree with Supreme Court, however, that the proof in the record establishes the absence of any lease between plaintiff and Matlack for the 1978 vehicle. Plaintiff concedes that when he sought to execute a written lease with Matlack for his 1978 vehicle, he was told by Matlack's representative that there was not enough steady work for him. Nevertheless, plaintiff contends that the oral assurances by Matlack's representative, coupled with the listing of the 1978 vehicle on Matlack's report to St. Paul for August 1983, establishes that an oral lease existed. We disagree because, even accepting plaintiff's allegations as true, the only relevant assurance he received was that Matlack would execute a lease in the future when business picked up. Since Matlack's leases required exclusive possession of the leased vehicle, the fact that plaintiff's 1978 vehicle was leased to another trucking company when it was destroyed is additional evidence that plaintiff had no lease with Matlack. Therefore, Supreme Court properly granted St. Paul's cross motion in action No. 1 for summary judgment dismissing the complaint.

Turning to action No. 2, we agree with Supreme Court that plaintiff is not entitled to summary judgment on the issue of the existence of an agreement by Matlack to obtain property damage coverage for plaintiff's 1978 vehicle. The proof in the record raises questions of fact which must be resolved at trial.

Order affirmed, with one bill of costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.