■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v THERESA BOVE, Respondent, and COLONIAL PENN INSURANCE COMPANY, Appellant. (Proceeding No. 1.) In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v

KEVIN BOVE, Respondent, and COLONIAL PENN INSURANCE COMPANY, Appellant. (Proceeding No. 2.)—In two proceedings pursuant to CPLR article 75 to stay arbitration, Colonial Penn Insurance Company appeals, in the proceeding entitled *Matter of Allstate Ins. Co. v Theresa Bove,* from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 4, 1988, which, *inter alia,* granted a stay of arbitration, and (2) an order of the same court, dated March 15, 1988, which provided that the order dated February 4, 1988 "shall remain in full force and effect and any order inconsistent with the said order is hereby vacated", and in the proceeding entitled *Matter of Allstate Ins. Co. v Kevin Bove,* from (3) an order of the same court, dated February 4, 1988, which, *inter alia,* granted a stay of arbitration, and (4) an order of the same court, dated April 19, 1988, which provided that the order dated February 4, 1988, "shall remain in full force and effect and any order inconsistent with the said order is hereby vacated".

Ordered that the orders are reversed, on the law, with one bill of costs payable by the petitioner respondent, and the petitions are dismissed.

The orders appealed from must be reversed because, as the petitioner concedes, equitable estoppel cannot be used to create coverage where none exists *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Schiff Assocs. v Flack,* 51 NY2d 692; *Nassau Ins. Co. v Manzione,* 112 AD2d 408, *lv denied* 66 NY2d 605).

The petitioner's remaining contention as to the effective date of the policy is unpreserved for our review *(see, Telaro v Telaro,* 25 NY2d 433, 438; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.