■ MICHAEL SENA et al., Appellants, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. [637 NYS2d 485] —In an action, *inter alia,* to recover proceeds allegedly due pursuant to a policy of fire insurance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated October 27, 1994, as upon

reargument, adhered to its prior determination which granted the defendant's motion for summary judgment dismissing the plaintiffs' first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contentions, the defendant did not waive its affirmative defense that the plaintiffs had failed to comply with a condition precedent to full replacement value coverage. The defendant's answer alleged the substance of its claim (see, CPLR 3026; *Santaniello v DeFrancisco,* 74 Misc 2d 229, 233, *affd* 44 AD2d 831) and the plaintiffs cannot claim prejudice or surprise (see, *Rich v Lefkovits,* 56 NY2d 276; *Lederman v McLean Trucking Co.,* 41 AD2d 5). Indeed, the issue of the plaintiffs' breach of their obligation to insure their property to 100% of its replacement value as clearly provided by the policy was raised in connection with the parties' prior appeal (see, *Sena v Nationwide Mut. Fire Ins. Co.,* 198 AD2d 345).

On that appeal, we reversed an order which had improperly *sua sponte* awarded summary judgment to the defendant without the plaintiffs having been offered an opportunity to lay bare their proof (*Sena v Nationwide Mut. Fire Ins. Co., supra,* at 346). The plaintiffs have now had that opportunity and have still failed to carry their burden. Rather, they present only procedural arguments intended to suggest that the defendant may be estopped from litigating the issue of the plaintiffs' noncompliance with the condition precedent of insuring their property to 100% of its actual replacement value. However, such contentions are unavailing as they run afoul of the well-recognized rule that the doctrines of waiver or estoppel may not be invoked to create coverage " 'where none exists under the policy as written' " (*Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co.,* 125 AD2d 295, 297; see, *Nassau Ins. Co. v Manzione,* 112 AD2d 408; see also, *Wausau Ins. Cos. v Feldman,* 213 AD2d 179; *Matter of Allstate Ins. Co. v Bove,* 147 AD2d 475). Here, the policy "as written" requires that the property be insured to 100% of its value. The plaintiffs have failed to offer any evidence that they complied with this contractual requirement. Their attempts to preclude the defendant from raising this defense a fortiori impermissibly seek to create coverage by estoppel. Accordingly, the court was correct to grant the defendant's motion for summary judgment dismissing the first cause of action.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Thompson, Joy and Goldstein, JJ., concur.