■ MONETTE ARMSTRONG et al., Plaintiffs, v OGDEN ALLIED FACILITIES MANAGEMENT CORPORATION, Respondent, and LURKIN, PLUZNICK, LARKIN, INC., Appellant. [651 NYS2d 509] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about June 11, 1996, which, insofar as appealed from, denied defendant-appellant Larkin, Pluznick, Larkin, Inc.'s motion for summary judgment dismissing the cross claims of defendant-respondent Ogden Allied Facilities Management Corporation against it for indemnification and breach of a contract to obtain insurance, unanimously modified, on the law and the facts, to the extent of granting so much thereof as seeks dismissal of the cause of action for breach of contract and, except as so modified, affirmed, without costs.

Plaintiff Monette Armstrong was injured at a trade show sponsored by defendant Larkin, Pluznick, Larkin, Inc. (Larkin) when she tripped over the unfastened cover of an electrical box recessed into the floor. Pursuant to a license agreement between Larkin and the New York Convention Center Operating Corp., the trade show was held at the Jacob Javits Center, located at 655 West 34th Street in the City and County of New York. The complaint states that Ms. Armstrong fell "in the area used for ingress and egress" in the lobby of the convention center. The complaint further asserts, and defendant Ogden Allied Facilities Management Corporation (Ogden) does not deny, that it is the property manager of the premises, "responsible for, among other things, maintaining the electrical systems within the facility." Defendant Larkin cross-claimed against Ogden for indemnification. Ogden cross-claimed against Larkin for breach of the license agreement by failing to provide insurance coverage in Ogden's favor as well as for indemnification and contribution. Supreme Court denied the motions of the respective defendants for summary judgment and transferred the case to Civil Court pursuant to CPLR 325 (d).

As acknowledged in Ogden's brief, the accident occurred in a public area. As alleged in the complaint and confirmed by the testimony of both Ms. Armstrong and Larkin's show director at examination before trial, plaintiff fell on the concourse level in an area adjacent to the street-level entranceway. However, Larkin's manager stated that the licensed space was located in

an exhibit hall, one floor below street level. In any event, defendant Ogden does not offer any evidence in contravention of this testimony, but relies upon the terms of the license agreement to support its claim for indemnification.

Ogden's arguments with respect to its breach of contract claim are predicated on the asserted failure of Larkin to obtain insurance, as required by the terms of the license agreement. It contends, disingenuously, that because Larkin did not submit the policy with its moving papers as proof of insurance coverage, it should be precluded from contesting the denial of its motion for summary judgment.

Ogden's contrary contention on appeal notwithstanding, an insurance certificate is evidence of the insurer's agreement to extend coverage, although it is not conclusive as to the existence or terms of the insurance contract (*Morrison-Knudsen Co. v Continental Cas. & Sur. Co.*, 181 AD2d 500, citing *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207, 210 [Levine, J.]). Ogden's argument is bewildering, however, in view of the recitation in its affidavit in support of its cross motion: "A Certificate of Insurance, annexed as Exhibit 'C', indicates that such coverage was obtained." Having failed to contest the issue of insurance coverage, Ogden cannot raise it for the first time on appeal. "Factual assertions not properly contained in the record may not be considered by an appellate court" (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276).

The licensing agreement includes a broad indemnification provision containing an exception for acts attributable to the "sole negligence" of the licensor. The uncontroverted evidence indicates that the accident occurred in a common area of the facility, of which Ogden is manager, and there is nothing in the record to suggest that any defendant other than Ogden is responsible for plaintiffs' damages. Furthermore, the licensor expressly agrees to furnish "normal electricity" and "reserves the exclusive right to install or provide * * * electrical services".

Ogden's indemnity claim is predicated on the terms of its licensing agreement with Larkin, however, not on Larkin's liability in tort. The answers of defendants both assert that the accident resulted, in part, from the culpable conduct of plaintiff Monette Armstrong. For purposes of recovery under the indemnification clause, it is necessary only that the injury not be the result of defendant Ogden's "sole negligence". Therefore, if a jury should agree that the injury sustained by Monette Armstrong was partially the result of her own negligence, the indemnification provision remains operative and Ogden may

recover judgment over against Larkin pursuant to the contract. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Mazzarelli, JJ.