■ PENSKE TRUCK LEASING Co., L.P., Respondent, v HOME INSURANCE COMPANY, Appellant, et al., Defendants. [674 NYS2d 400] —In an action, *inter alia,* for a judgment declaring that the defendant Home Insurance Company has a duty to defend and indemnify the plaintiff in an action entitled *Mazeski v Penske Truck Leasing Co.,* pending in the Supreme Court, Suffolk County, under Index No. 94-09598, the defendant Home Insurance Company appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 25, 1997, as granted the plaintiff's motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment is denied.

In 1991, the plaintiff, Penske Truck Leasing Co., L.P. (hereinafter Penske), leased several Mack trucks to Golden Distributors, Ltd. (hereinafter Golden) for a period of 48 months. The lease agreement required Golden to procure and maintain automobile liability insurance and list Penske as an "additional insured" on the policy. Sometime in 1992, N.C.C., L.P. (hereinafter NCC) took over Golden's trucking business. However, it was not until September 23, 1993, that NCC executed an "assignment and assumption" agreement which transferred Golden's rights under its lease with Penske to NCC.

In February 1993, the appellant, Home Insurance Company (hereinafter Home), issued a Business Automobile Policy to NCC, covering the period December 31, 1992, to December 31, 1993. The Business Automobile Policy contained an endorsement entitled "Additional Insured—Lessor", which provided that the lessor of vehicles to NCC was an "additional insured" under the policy "where required by contract". Penske received a copy of the Business Automobile Policy, including the endorsement, and a certificate of insurance, which stated that "Penske Truck Leasing Co. is named as an additional insured and loss payee as their interests may appear". The certificate of insurance also contained the disclaimer that it was "issued as a matter of information only and confer[ed] no rights upon the certificate holder" and that it did "not amend, extend or alter the coverage" afforded by the policies named therein.

On August 18, 1993, one of NCC's truck drivers was injured when the liftgate on a Penske truck crushed his right arm. Penske commenced this action seeking, among other relief, a judgment declaring that Home was obligated to defend and indemnify Penske in the underlying action.

There is a question of fact as to whether Penske was an "additional insured" under NCC's Business Automobile Policy. The Home policy provided coverage to entities that leased vehicles to NCC "where required by contract". However, since the assignment and assumption agreement was not signed until September 27, 1993, there is a question as to whether NCC was required by contract to obtain insurance for Penske as of the date of the accident. Although Golden and NCC could agree that the assignment of the truck lease would be effective as of December 2, 1992, they could not obligate Home to provide retroactive insurance coverage (see, Matter of Tenzer, Greenblatt, Fallon & Kaplan v Abbruzzese, 57 Misc 2d 783, 791). There is also a question of fact as to whether there was an oral contract between Penske and NCC prior to the accident which obligated NCC to obtain insurance (see, Moore v St. Paul Fire & Mar. Ins. Co., 133 AD2d 890).

Penske's reliance on the certificate of insurance is misplaced. It is well settled that a certificate of insurance with the aforementioned disclaimer language is insufficient, by itself, to establish that the certificate holder is insured (see, American Ref-Fuel Co. v Resource Recycling, 248 AD2d 420; McGill v Polytechnic Univ., 235 AD2d 400). A certificate of insurance is evidence of a contract for insurance, but is not conclusive proof that the contract exists and not, in and of itself, a contract to insure (see, Armstrong v Ogden Allied Facilities Mgt. Corp.,

234 AD2d 235, 236; *Horn Maintenance Corp. v Aetna Cas. & Sur. Co.,* 225 AD2d 443, 444; *Morrison-Knudsen Co. v Continental Cas. & Sur. Co.,* 181 AD2d 500). Moreover, contrary to Penske's contention, the doctrine of estoppel may not be invoked to create coverage where none exists under the policy *(see, American Ref-Fuel Co. v Resource Recycling, supra; Sena v Nationwide Mut. Fire Ins. Co.,* 224 AD2d 513, 514; *Wausau Ins. Co. v Feldman,* 213 AD2d 179, 180; *Matter of Allstate Ins. Co. v Bove,* 147 AD2d 475, 476; *but see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.