■ AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Respondent-Appellant, v RESOURCE RECYCLING, INC., et al., Respondents, UNIVERSAL WELDING & ENGINEERING, Appellant-Respondent, and MINNESOTA FIRE & CASUALTY COMPANY et al., Respondents-Appellants. [671 NYS2d 93] —In an action, inter alia, for a judgment declaring that the defendants have a duty to defend and indemnify the plaintiff in an underlying personal injury action entitled Riek v American Ref-Fuel Co., pending in the Supreme Court, Nassau County, (1) the defendant Universal Welding & Engineering appeals, as limited by its brief, from (a) so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated October 22, 1996, as (i) granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against it, and (ii) granted the cross motion of the defendants Minnesota Fire & Casualty Company and Minnesota Mutual Insurance Company for summary judgment, and (b) so much of a judgment of the same court, entered May 30, 1997, as (i) declared

that it is required to defend and indemnify the plaintiff in the underlying action, (ii) severed the cross claims between it and the defendants Jack O.A. Nelsen Agency and Donald Miller, and (iii) declared that the defendants Minnesota Fire & Casualty Company and Minnesota Mutual Insurance Company were not required to defend and indemnify the plaintiff in the underlying action; (2) the plaintiff cross-appeals, as limited by its notice of appeal and brief, from (a) so much of the order dated October 22, 1996, as (i) granted the cross motions of the defendants Home Insurance Company of Illinois and Home Insurance Company for summary judgment, and (ii) granted the cross motions of the defendants Minnesota Fire & Casualty Company and Minnesota Mutual Insurance Company for summary judgment, and (b) so much of the judgment entered May 30, 1997, as (i) declared that the defendants Home Insurance Company of Illinois and Home Insurance Company are not required to defend and indemnify it in the underlying action, and (ii) declared that the defendants Minnesota Fire & Casualty Company and Minnesota Mutual Insurance Company are not required to defend and indemnify it in the underlying action; (3) the defendants Jack O.A. Nelsen Agency and Donald Miller cross-appeal, as limited by their notices of appeal and brief, from stated portions of the order dated October 22, 1996, and the judgment entered May 30, 1997; and (4) the defendants Minnesota Fire & Casualty Company of Illinois and the Minnesota Mutual Insurance Company cross-appeal, as limited by their brief, from stated portions of the order dated October 22, 1996, and the judgment entered May 30, 1997. The notice of appeal of the defendant Universal Welding & Engineering from the order dated October 22, 1996, is deemed to be a notice of appeal from the judgment entered May 30, 1997 (see, CPLR 5501 [c]).

Ordered that the cross appeals by the defendants Jack O.A. Nelsen Agency, Donald Miller, Minnesota Fire & Casualty Company, and Minnesota Mutual Insurance Company from the order dated October 22, 1996, and judgment entered May 30, 1997, are dismissed, without costs or disbursements, as those defendants are not aggrieved by the portions of the order and judgment cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the appeal by the defendant Universal Welding & Engineering and the cross appeal by the plaintiff from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1)

deleting the first decretal paragraph thereof which declared that the defendant Universal Welding & Engineering is required to defend and indemnify the plaintiff in the underlying action and substituting therefor a decretal paragraph granting the plaintiff summary judgment against Universal Welding & Engineering on its claim to recover damages for breach of contract, and (2) deleting the third decretal paragraph, which declared that the defendants Home Insurance Company of Illinois and Home Insurance Company are not required to defend and indemnify the plaintiff in the underlying action and dismissed the complaint as against them and substituting therefor a decretal paragraph declaring that the defendants Home Insurance Company of Illinois and Home Insurance Company are required to defend and indemnify the plaintiff in the underlying action; as so modified, the judgment is affirmed insofar as appealed from by the defendant Universal Welding & Engineering and cross-appealed from by the plaintiff, without costs or disbursements.

The appeal by the defendant Universal Welding & Engineering and the cross appeal by the plaintiff from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on that appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff American Ref-Fuel Company of Hempstead entered into a contract with Resource Recycling, Inc. (hereinafter Resource), by which the latter would provide a ferrous recovery system at the plaintiff's recycling plant. Resource, in turn, hired Universal Welding & Engineering (hereinafter Universal), to install the ferrous recovery system.

Pursuant to the contract, Resource obtained a general liability policy from Home Insurance Company of Illinois, a subsidiary of Home Insurance Company (hereinafter collectively Home), naming the plaintiff as an additional insured. The contract between Resource and Universal required that Universal also obtain a general liability policy naming the plaintiff as an additional insured. Universal asked its insurance broker, Donald Miller of the Jack O.A. Nelsen Agency (hereinafter collectively Nelsen Agency), to add the plaintiff as an additional insured to its policies with Minnesota Fire & Casualty, a subsidiary of Minnesota Mutual Insurance Company (hereinafter collectively Minnesota). Nelsen Agency issued a certificate of insurance naming the plaintiff as an additional insured on the

Minnesota policies. Upon receiving this certificate, the plaintiff permitted Universal to proceed with its performance under the subcontract.

On February 22, 1994, Randall Riek, a Universal employee working at the plaintiff's recycling plaint, fell from a catwalk. Riek subsequently commenced an action against the plaintiff in the Supreme Court, Nassau County. Thereafter, the plaintiff demanded that Home and Minnesota defend and indemnify it in the underlying action. Home refused, contending that the Minnesota coverage was primary to its coverage. Minnesota also refused, asserting that the plaintiff had never been named as an additional insured on the policies.

Thereafter, the plaintiff commenced the instant action seeking a declaration that Home and Minnesota were obligated to defend and indemnify it in the underlying action. In the alternative, the plaintiff sought to recover damages from Resource and Universal for breach of their contractual obligation to obtain insurance coverage for the benefit of the plaintiff. The plaintiff also sought to recover damages from Nelsen Agency for its failure to procure the insurance requested by Universal.

In this case, the certificate of insurance recited that it was "a matter of information only and confer[red] no rights upon" the plaintiff. Such a certificate is insufficient, by itself, to establish that the plaintiff was insured by Minnesota (*see, McGill v Polytechnic Univ.,* 235 AD2d 400, 402). The Minnesota policies conclusively establish that the plaintiff was never named as an additional insured. Accordingly, the plaintiff is entitled to summary judgment against Universal on its claim to recover damages for breach of contract (*see, Kinney v Lisk Co.,* 76 NY2d 215; *DiMuro v Town of Babylon,* 210 AD2d 373; *Morel v City of New York,* 192 AD2d 428). This relief is distinct from the obligation to defend and indemnify which may arise out of an indemnification clause of the contract (*McGill v Polytechnic Univ., supra*). Although the instant subcontract contained a provision requiring Universal to defend and indemnify the plaintiff, no proof was offered by the plaintiff as to its freedom from fault so as to entitle it to summary judgment on a claim for contractual indemnification (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *McGill v Polytechnic Univ., supra; Dawson v Pavarini Constr. Co.,* 228 AD2d 466).

The plaintiff contends that even though it was not named as an additional insured on the Minnesota policies, Minnesota should be estopped from denying coverage because of the issuance of a certificate of insurance naming it as an additional

insured. Assuming that Nelsen Agency is an agent of Minnesota and Minnesota is liable for the acts of its agent (*see, Tucci v Hartford Cas. Ins. Co.,* 167 AD2d 387; *Gleason v Temple Hill Assocs.,* 159 AD2d 682; *Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co.,* 125 AD2d 295, 297), the doctrine of estoppel may not be invoked to create coverage where none exists under the policy (*see, Sena v Nationwide Mut. Fire Ins. Co.,* 224 AD2d 513, 514; *Wausau Ins. Co. v Feldman,* 213 AD2d 179, 180; *Matter of Allstate Ins. Co. v Bove,* 147 AD2d 475, 476; *Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co., supra; but see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207). Accordingly, Minnesota is not obligated to defend and indemnify the plaintiff in the underlying action.

Additionally, the plaintiff cannot seek damages from Nelsen Agency for its failure to procure the insurance requested by Universal. Assuming arguendo that Nelsen Agency was negligent, it breached a duty owed to Universal (*see, Andriaccio v Borg & Borg,* 198 AD2d 253; *Kinns v Schulz,* 131 AD2d 957, 959; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346). Nelsen Agency owed no duty to the plaintiff.

Universal requests that this Court grant it summary judgment on its cross claim against Nelsen Agency. However, neither Universal nor Nelsen Agency made any motion with respect to the cross claims before the Supreme Court. Although an appellate court may search the record and grant summary judgment in favor of a nonmoving party, it may only do so with respect to a cause of action or issue that was the subject of the motions before the court (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425). Accordingly, Universal is not entitled to summary judgment on its cross claim at this time.

The Supreme Court erred in declaring that Home is not required to defend and indemnify the plaintiff in the underlying action. It is undisputed that the policy obtained by Resource from Home provides coverage to the plaintiff for claims brought by a subcontractor's employee. Home's contention that its coverage is excess to the coverage under the Minnesota policy is without merit as no coverage is provided to the plaintiff under the Minnesota policy. Additionally, Home's assertion that Resource is subject to a $1,000,000 self-insured retention because of Universal's failure to obtain the required insurance has no bearing on Home's obligation to the plaintiff. The policy specifically provided that only Resource would be subject to the self-insured retention. If so advised, Home may seek the $1,000,000 self-insured retention from Resource.

Finally, it cannot be determined from the record whether the Home coverage is primary to the coverage provided to the plaintiff under its policy with National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National). The relevant factor in making this determination is the other insurance provisions of the policies (see, e.g., *Tishman Interiors Corp. v Fireman's Fund Ins. Co.*, 236 AD2d 211; *Merchant's & Bus. Men's Mut. Ins. v Savemart, Inc.*, 213 AD2d 607; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584). Because neither Home's nor National's other insurance provision is included in the record, it cannot be determined whether Home's coverage is primary or whether Home and National are coinsurers. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.