■ ANTHONY BUCCINI et al., Plaintiffs, v 1568 BROADWAY ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. MARINE CONTRACTORS, INC., Third-Party Defendant-Respondent. [673 NYS2d 398] —Order, Supreme Court, New York County (Carol Arber, J.), entered October 18, 1996, which, insofar as appealed from, denied the motion of defendants and third-party plaintiffs for summary judgment against third-party defendant for contractual and common-law indemnification and breach of contract, unanimously reversed, on the law, without costs, the motion granted, and summary judgment awarded to defendants and third-party plaintiffs.

In this action, appellants seek indemnification from respondent contractor after being held liable under Labor Law § 240 for injuries sustained by the contractor's employee.

1568 Broadway, Inc. and Manhattan Suites Realty Corp. are the general partners of 1568 Broadway Associates (Associates or owner), a partnership that owns the property where the accident in question occurred. In 1988, Associates entered into a contract with HRH Construction Corp. (HRH), whereby HRH agreed to serve as construction manager for the hotel that Associates intended to build on its property. (These parties will be described collectively as appellants.)

The duties of HRH under the contract consisted of business administration, management and coordination. The contract provided that for the most part, contractors hired by Associates would do the construction work themselves. HRH had an obligation to "[r]eview the safety programs of the Contractors and make appropriate recommendations". However, this duty was limited as follows:

"Construction Manager, however, shall not be required to make exhaustive or continuous inspections to check safety precautions or programs for the Project. The performance of these services of Construction Manager shall not relieve the Contractors of their primary responsibility for safety of persons

or property and for compliance with [various safety statutes]." Moreover, the sole beneficiaries of this contract would be Associates and HRH.

Associates hired Marine Contractors, Inc. (Marine or respondent) to provide the superstructure concrete work for the hotel. Unlike the contract with HRH, the contract between Associates and Marine indicated that it was to have third-party beneficiaries, including HRH and Associates. By its terms, Marine was "solely responsible * * * for the safe performance of the work hereunder". Marine agreed to "be responsible for initiating, maintaining and supervising safety precautions and programs in connection with the performance of its work hereunder." Marine was specifically required to provide protection for any floor openings while Marine was working on any deck.

The contract between Marine and Associates also included an indemnity clause in which Marine agreed, *inter alia*, to indemnify various parties including HRH, Associates and its partners for any injury to Marine's employees, except insofar as caused by the indemnitees' negligence. Finally, Marine was required to obtain liability insurance for injuries caused by its work and to list appellants as additional insureds under Marine's liability policy.

Plaintiff Anthony Buccini was employed by Marine as a mason foreman at the construction site. On July 29, 1989, he was pouring cement on an area that had been added to one of the floors of the building. He was standing on a portion of the floor that had been finished weeks earlier. As he was in the process of moving a device used to smooth out concrete, he suddenly fell through a 3 foot by 3 foot hole in the floor. It is customary for openings to be left in concrete floors when they are poured to accommodate later installation of pipes and wiring. However, for safety reasons, such holes are supposed to be covered with plywood secured by masonry nails, a precaution that apparently was not taken here. Buccini's deposition testimony established that Marine employees had made the hole, had covered such holes with plywood in the past, and had failed to do so with respect to this hole.

Buccini moved for summary judgment against appellants under Labor Law § 240. As there was no dispute as to how the accident occurred, and the facts established that Buccini was injured due to an elevation-related risk while he was engaged in construction of a building, appellants did not oppose this motion.

Appellants cross-moved for summary judgment against

Marine on their claims for contractual and common-law indemnification and breach of the insurance procurement clause. Marine's insurance policy included several amendatory endorsements issued by the insurer, listing various other companies as additional insureds (presumably owners and contractors from other jobs on which Marine had worked). There was no such endorsement naming appellants as additional insureds. Appellants also claimed that Marine's insurer had not responded to their demands that it acknowledge their status as insureds.

In opposition, Marine presented a certificate of insurance that named appellants as additional insureds, but also stated that the certificate was for information purposes only and conferred no rights on the holder. Marine argued that this certificate satisfied its obligation to procure insurance. As for the indemnification issue, Marine claimed that HRH's alleged responsibility for worker safety created issues of fact as to HRH's negligence, which, if proven, would preclude indemnification under both the terms of the contract and General Obligations Law § 5-322.1.

Summary judgment was granted to Buccini on his claims against appellants. However, the motion court denied summary judgment to appellants on all of their third-party claims, finding that there were issues of fact as to how the accident occurred and the parties' responsibilities. This was error.

Where the liability of the owner or of the general contractor is only statutory, and is not predicated on a finding of negligence, the owner or general contractor is entitled to common-law indemnification by the subcontractor whose negligence caused its employee's injuries (*Leon v Peppe Realty Corp.*, 190 AD2d 400, 411). General Obligations Law § 5-322.1 similarly does not bar enforcement of a contractual indemnity provision where the indemnitee was held strictly liable under Labor Law § 240 (1) and there was no evidence of its negligence (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 175).

A construction manager whose "duties [are] limited to observing the work and reporting to the contractor safety violations by the employees" does not thereby become liable to the contractor's employee when the latter is injured by a dangerous condition arising from the contractor's negligent methods (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). The construction manager's authority to stop the contractor's work, if the manager notices a safety violation, does not give the manager a duty to protect the contractor's employees (*Fox v Jenny Eng'g Corp.*, 122 AD2d 532, 533, *affd*

70 NY2d 761). The general duty to supervise the work and ensure compliance with safety regulations does not amount to supervision and control of the work site such that the supervisory entity would be liable for the negligence of the contractor who performs the day-to-day operations (*D'Antuono v Goodyear Tire & Rubber Co. Chem. Div.*, 231 AD2d 955). By the same token, "the fact that [the owner] may have dispatched persons to observe the progress and method of the work does not render it actively negligent" (*Aragon v 233 W. 21st St.*, 201 AD2d 353, 354).

Not only is the common law clear that HRH had no obligation to prevent the accident simply by virtue of its supervisory duties, but Associates' contracts with HRH and Marine unambiguously showed that Marine was meant to have primary responsibility for its workers' safety. A contract should be construed in accordance with the intent of the parties (*American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 277, *lv denied* 77 NY2d 807). "Where the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment" (*supra,* at 277).

The HRH contract explicitly stated, first, that HRH had no duty to inspect the contractors' work methods in detail; second, that HRH's limited supervision of the contractors' safety programs did not reduce those contractors' liability for worker safety; and third, that no third party should be considered a beneficiary of the contract. These terms foreclose the conclusion that HRH assumed a duty towards Marine's employees to ensure their safety, such that Marine's negligent failure to cover the hole could be attributed to HRH. Furthermore, Marine expressly assumed the primary liability for worker safety in its own contract, relieved HRH and Associates of that liability, and agreed that HRH would be a third-party beneficiary of the contract. Based on the common-law rules described above (*e.g., Comes v New York State Elec. & Gas Corp., supra*), and the clear contractual language allocating liability in the same manner as those rules, summary judgment should have been granted to appellants on their claims for common-law and contractual indemnification.

Additionally, the motion court should have granted summary judgment on the claim for breach of the insurance procurement clause. The certificate of insurance is evidence of the insurer's intent to provide coverage, but it is not a contract to insure appellants, nor is it conclusive proof, standing alone, that such a contract exists (*Bucon, Inc. v Pennsylvania Mfg.*

*Assn. Ins. Co.*, 151 AD2d 207, 210; *Horn Maintenance Corp. v Aetna Cas. & Sur. Co.*, 225 AD2d 443, 444).

The instant case is factually similar to the Second Department case of *McGill v Polytechnic Univ.* (235 AD2d 400). In *McGill*, the subcontractor's injured worker sued the owner and general contractor, who in turn brought a third-party action against the subcontractor, claiming, *inter alia*, that the subcontractor had breached its contract by failing to name the third-party plaintiffs as additional insureds on its liability insurance policy (*supra,* at 401). In opposition to their summary judgment motion, the subcontractor merely submitted a certificate naming the owner and contractor as additional insureds. Holding that the subcontractor's "submission of a certificate of insurance which expressly stated that it was '[a] matter of information only and confer[red] no rights on the appellant' is insufficient, by itself, to show that it purchased the required insurance", the Second Department affirmed the grant of summary judgment to the third-party plaintiffs (*supra,* at 402).

More recently, that Court indicated that summary judgment is particularly appropriate where the third-party defendant has only proffered a certificate as in the instant case, but the policy itself "establish[es] that the [third-party] plaintiff was never named as an additional insured" because the third-party plaintiff is not so designated in the policy (*American Ref-Fuel Co. v Resource Recycling* (248 AD2d 420, 423). We find this reasoning persuasive. Accordingly, we reverse the IAS Court's order in its entirety. Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.