■ HERBERT ST. GEORGE, Plaintiff, v W.J. BARNEY CORPORATION et al., Defendants. (And Another Action.) KURTZ STEEL CORP., Third-Party Plaintiff-Respondent, v HOME INDEMNITY Co. et al., Third-Party Defendants, and SCHAEFER AGENCY, INC., Third-Party Defendant-Appellant. [706 NYS2d 24] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about March 5, 1999, which, insofar as appealed from as limited by the appellant's brief, denied the cross-motion of third-party defendant The Schaefer Agency, Inc. (Schaefer) for summary judgment dismissing Kurtz Steel Corp.'s (Kurtz) claims as against it, unanimously reversed, on the law, with costs, the cross-motion granted, and Kurtz's claims against Schaefer dismissed. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the complaint.

The plaintiff in the underlying personal injury action was an employee of one of the subcontractors at a construction site. He commenced that action against, among others, the general contractor at the site, W.J. Barney Corporation (Barney). Barney cross claimed, seeking defense and indemnification, and impleaded several other parties including Kurtz, another of the subcontractors. Kurtz commenced this third-party action seeking a declaration that the named defendants were obligated to defend and indemnify it in the underlying action: Crest Steel Co. (Crest), a subcontractor hired by Kurtz that was contractually obligated to have Kurtz named as an additional insured on its general liability insurance policy; Schaefer, Crest's insurance broker; and The Home Indemnity Co. (Home), Crest's

general liability insurer to whose policy Kurtz was to be added. Schaefer issued a certificate of insurance naming Kurtz an additional insured on Crest's policy with Home, but the certificate contained one disclaimer that stated that it was issued for information only, that it did not confer any rights on the certificate holder and that it did not extend or amend the policy's coverage, and a second disclaimer that stated, among other things, that the insurance afforded by the policies listed on the certificate "is subject to all the terms, exclusions and conditions of such policies".

Under these circumstances, summary judgment should have been granted to Schaefer, the insurance broker. "The certificate of insurance * * * is not a contract to insure * * * nor is it conclusive proof, standing alone, that such a contract exists" [citations omitted] (*Buccini v 1568 Broadway Assocs.*, 250 AD2d 466, 469). Moreover, while Schaefer may have arguably breached its duty to its client, Crest, it cannot be held liable to Kurtz, the additional insured, to whom it owed no duty (*see, American Ref-Fuel Co. v Resource Recycling*, 248 AD2d 420, 424). Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.