■ Patrick Glynn et al., Plaintiffs, v United House of Prayer For All People et al., Defendants. (And a Third-Party Action.) United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Second Third-Party Plaintiff-Appellant, v Allcity Insurance Company et al., Second Third-Party Defendants-Respondents. United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Third Third-Party Plaintiff-Appellant, v RBL Associates, Inc., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 1.) Marjorie Lopez, as Administratrix of the Estate of Olga Garcia, Deceased, Plaintiff, v United House of Prayer For All People of the Church on the Rock of the Apostolic Faith et al., Defendants. (And a Third-Party Action.) United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Plaintiff, v Allcity Insurance Company et al., Second Third-Party Defendants-Respondents. United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Third Third-Party Plaintiff-

Appellant, et al., Third Third-Party Plaintiff, v RBL Associates, Inc., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 2.) Illya Brunner, as Administratrix of the Estate of Kareem Brunner, Deceased, et al., Plaintiffs, v United House of Prayer For All People of the Church on the Rock of the Apostolic Faith et al., Defendants. (And a Third-Party Action.) United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Second Third-Party Plaintiff-Appellant, v Allcity Insurance Company et al., Second Third-Party Defendants-Respondents. United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Third Third-Party Plaintiff-Appellant, v RBL Associates, Inc., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 3.) Jose Ramos, as Administrator of the Estate of Luz Ramos, Also Known as Luz Ramos-Ortiz, Deceased, Plaintiff, v Fred A. Harari et al., Defendants. (And a Third-Party Action.) United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Second Third-Party Plaintiff-Appellant, v Allcity Insurance Company et al., Second Third-Party Defendants-Respondents. United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Third Third-Party Plaintiff-Appellant, v RBL Associates, Inc., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 4.) Oscar Marrero, Jr., as Administrator of the Estate of Angelina Marrero, Deceased, Plaintiff, v United House of Prayer For All People of the Church on the Rock of the Apostolic Faith et al., Defendants. (And a Third-Party Action.) United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Second Third-Party Plaintiff-Appellant, v Allcity Insurance Company et al., Second Third-Party Defendants-Respondents. United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Third Third-Party Plaintiff-Appellant, v RBL Associates, Inc., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 5.) Isardeen Chaitram, Plaintiff, v City of New York et al., Defendants. (And a Third-Party Action.) United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Second Third-Party Plaintiff-Appellant, v Allcity Insurance Company et al., Second Third-Party Defendants-Respondents. United House of Prayer For All People of the Church on the Rock of the Apostolic Faith, Third Third-Party Plaintiff-Appellant, v RBL Associates, Inc., Third Third-Party Defendant-Respondent. (And a Fourth

Third-Party Action.) (Action No. 6.) LYDIA JIMENEZ, Individually and as Administratrix of the Estate of MAYRA RENTAS, Deceased, Plaintiff, v LMA INTERNATIONAL LTD. et al., Defendants. (And a Third-Party Action.) UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Second Third-Party Plaintiff-Appellant, v ALLCITY INSURANCE COMPANY et al., Second Third-Party Defendants-Respondents. UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Third Third-Party Plaintiff-Appellant, v RBL ASSOCIATES, INC., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 7.) ALAN GROSSBERG et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (And a Third-Party Action.) UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Plaintiff, v ALLCITY INSURANCE COMPANY et al., Second Third-Party Defendants-Respondents. UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Third Third-Party Plaintiff-Appellant, et al., Third Third-Party Plaintiff, v RBL ASSOCIATES, INC., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 9.) PATRICIA RAMAUTAR, as Administratrix of the Estate of GARNETTE D. RAMAUTAR, Deceased, Plaintiff, v CITY OF NEW YORK et al., Defendants. (And a Third-Party Action.) UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Plaintiff, v ALLCITY INSURANCE COMPANY et al., Second Third-Party Defendants-Respondents. UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Third Third-Party Plaintiff-Appellant, et al., Third Third-Party Plaintiff, v RBL ASSOCIATES, INC., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 12.) JACQUES DOUEK, Plaintiff, v UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH et al., Defendants. (And a Third-Party Action.) UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Second Third-Party Plaintiff-Appellant, v ALLCITY INSURANCE COMPANY et al., Second Third-Party Defendants-Respondents. UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Third Third-Party Plaintiff-Appellant, v RBL ASSOCIATES, INC., Third Third-Party Defendant-Respondent. (And a Fourth Third-Party Action.) (Action No. 14.) [741 NYS2d 499] —Orders, Supreme Court, Bronx County (Stanley Green, J.),

entered on or about February 16, 2001 and April 2, 2001, and judgments (10 papers), same court and Justice, entered, respectively, in New York County on May 9, 2001 (action number 1), Bronx County on May 31, 2001 (action number 2), Bronx County on May 30, 2001 (action number 3), Bronx County on May 31, 2001 (action number 4), Bronx County on May 30, 2001 (action number 5), New York County on May 9, 2001 (action number 6), Bronx County on March 26, 2001 (action number 7), New York County on May 9, 2001 (action number 9), New York County on May 9, 2001 (action number 12), and New York County on May 9, 2001 (action number 14), which, inter alia, granted the motions of third-party defendants Allcity Insurance Company, Insurance Corporation of New York, formerly known as Reinsurance Corporation of New York (Inscorp), National Casualty Company (National), and RBL Associates, Inc. (RBL) for summary judgment, and dismissed the second and third third-party complaints against them in the above-captioned actions numbered 1, 2, 3, 4, 5, 6, 7, 9, 12 and 14, unanimously modified, on the law, to declare in third-party defendant insurers' favor that they are not obligated to defend or indemnify defendant and third-party plaintiff United House of Prayer (UHP) in main actions numbered 1, 2, 3, 4, 5, 6, 7, 9, 12 and 14 arising out of the December 8, 1995 incident, and otherwise affirmed, without costs.

Plaintiffs in the above actions sue to recover for harm sustained by them and their decedents in a fire which occurred on December 8, 1995 on premises owned by defendant UHP. UHP has, in turn, commenced third-party actions against third-party defendant insurers and third-party defendant broker RBL, seeking, inter alia, declarations that third-party defendant insurers are obligated to defend and indemnify UHP in the main actions.

Third-party defendant insurers Inscorp and National were entitled to summary judgment dismissing the third-party complaints as against them in light of their submission of unrefuted evidence demonstrating that UHP was not named as an additional insured on the general and excess liability insurance policies issued by them, respectively, to UHP's general contractor, L.M.A. International, Inc. (LMA). While UHP was presented with a certificate of insurance by LMA's broker, RBL Associates, Inc., a certificate of insurance, by itself, is insufficient to raise a factual issue as to the existence of coverage (see, American Motorist Ins. Co. v Superior Acoustics, 277 AD2d 97; St. George v W.J. Barney Corp., 270 AD2d 171), particularly where, as here, the policy itself makes no provision for cover-

age (*see, Buccini v 1568 Broadway Assoc.*, 250 AD2d 466; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423).

Summary judgment was also properly granted to the broker, RBL, dismissing UHP's claim against it for negligent misrepresentation in the third third-party actions, since RBL, having had no contractual relationship with UHP, and not having otherwise been in privity with it, was under no duty to UHP that might serve as a predicate for UHP's claim (*see, St. George v W.J. Barney Corp.*, 270 AD2d 171, 172; *American Ref-Fuel Co. of Hempstead*, 248 AD2d, *supra* at 424).

Finally, the motion court properly held that although UHP was named as an additional insured in the liability policy issued by third-party defendant Allcity Insurance Company, the additional insured endorsement in the Allcity policy clearly limited the coverage afforded UHP to liability arising from work performed by the named insured on UHP's behalf. Therefore, the court correctly concluded that UHP was not covered under the Allcity policy for the liability alleged against it in the main actions; it is plain as a matter of law that the renovation work from which UHP's liability is alleged to have arisen was not performed on UHP's behalf, but rather on behalf of the named insured (*cf., Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.*, 263 AD2d 380, 382; *County of Orange v Hartford Acc. & Indem. Corp.*, 226 AD2d 578, 579).

We modify only to declare in third-party defendant insurers' favor that they are not obligated to defend or indemnify UHP in the main actions (*see, Lanza v Wagner*, 11 NY2d 317, 334).

We have considered appellant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.