■ Scott Wainwright, Plaintiff, v Charlew Construction Company, Inc., Defendant and Third-Party Plaintiff-Appellant. Merchants Mutual Insurance Company et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [755 NYS2d 751] —Cardona, P.J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered December 13, 2001 in Schenectady County, which, inter alia, granted motions by third-party defendants Merchants Mutual Insurance Company and Weller-Marcil & Greco, Inc. for summary judgment dismissing the third-party complaints against them.

On February 23, 1996, defendant and third-party plaintiff Charlew Construction Company, Inc., acting as a general contractor, entered into a contract with third-party defendant Richard Regels, a roofing subcontractor. Pursuant to the subcontract, Regels agreed to carry general liability insurance naming Charlew as an additional insured. Regels further agreed to provide Charlew with a certificate of insurance before commencing work. Regels' insurance agent, third-party defendant Weller-Marcil & Greco, Inc., obtained a one-year general liability policy, effective February 10, 1997, for Regels from third-party defendant Merchants Mutual Insurance Company.

On March 24, 1997, Regels requested Weller-Marcil to add Charlew to that policy as an additional insured. In order to accomplish that, on the same day, Weller-Marcil completed a commercial policy change request and issued a certificate of liability insurance listing Charlew as a certificate holder. That certificate stated that the holder was an additional insured. On March 27, 1997, Merchants Mutual mailed a notice of cancellation to Regels and Weller-Marcil advising that their insurance would cease effective April 16, 1997 for nonpayment of premium. Merchants Mutual did not send a copy of that notice to Charlew. After Charlew received the certificate of insurance, it permitted Regels to commence work.

On July 15, 1997, plaintiff, an employee of Regels, sustained injuries while working at Charlew's work site and he commenced this personal injury action against Charlew. In February 1998, Merchants Mutual notified Regels that it was disclaiming coverage due to the prior cancellation of its insurance policy. Furthermore, claiming that it never received the policy change request and, therefore, had never issued an endorsement naming Charlew as an additional insured, Merchants Mutual declined to defend and indemnify Charlew. Thereafter, in December 1998, Charlew commenced a third-party action against Regels seeking indemnification and against Merchants Mutual seeking defense of and indemnification from plaintiff's personal injury claim. On May 19, 2000, Charlew commenced a second third-party action against Weller-Marcil for negligence. Charlew moved for summary judgment against Merchants Mutual and Weller-Marcil and they cross-moved to dismiss the third-party complaints. Supreme Court denied the motion and granted the cross motions, prompting this appeal.

Charlew contends that it reasonably relied, to its detriment, upon the certificate of insurance which named it as an additional insured and, therefore, under our decision in *Lenox Realty v Excelsior Ins. Co.* (255 AD2d 644, *lv denied* 93 NY2d 807), Merchants Mutual was equitably estopped from denying coverage. Notably, however, the situation presented herein is distinguishable because the Merchants Mutual insurance policy was not in existence at the time of plaintiff's accident. "Where there is no coverage under an insurance policy because the policy was not in existence at the time of the accident, estoppel cannot be used to create coverage" (*Nassau Ins. Co. v Manzione*, 112 AD2d 408, 409, *lv denied* 66 NY2d 605 [citations omitted]).[1]

Furthermore, Charlew argues that the policy was not properly cancelled because it was not notified of such action, as an additional insured, in accordance with Merchants Mutual's own internal policy. Even assuming that Merchants Mutual received the policy change request from Weller-Marcil, we disagree with that argument. Since Merchants Mutual strictly complied with the notice of cancellation provisions set forth in

1. An exception to this rule occurs when the insurer "undertakes the defense of the case, in reliance on which the insured suffers the detriment of losing the right to control its own defense. In such circumstances, though coverage as such does not exist, the insurer will not be heard to say so" (*Schiff Assoc. v Flack*, 51 NY2d 692, 699). Here, however, Merchants Mutual never undertook any defense of plaintiff's claim.

Insurance Law § 3426 (b)[2] by mailing a timely notice of cancellation to the "first-named insured" (Regels) and "such insured's authorized agent or broker" (Weller-Marcil), the policy was effectively cancelled (*cf. Brelsford v USAA*, 289 AD2d 847), irrespective of its failure to comply with its "courtesy" policy of notifying additional insureds of a cancellation. Charlew's argument is further belied by the unambiguous disclaimer contained in the certificate of insurance which stated: "Should any of the above described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail 30 days written notice to the certificate holder [Charlew], but failure to mail such notice shall impose no obligation or liability of any kind upon the company, its agents or representatives."

Finally, we agree with Weller-Marcil that, since there was no privity between it and Charlew, it owed no duty to Charlew for the breach, if any, of the obligation to notify Merchants Mutual of the action listing Charlew as an additional insured (*see Glynn v United House of Prayer*, 292 AD2d 319; *Marson Constr. Corp. v Illinois Union Ins. Co.*, 276 AD2d 294; *St. George v W.J. Barney Corp.*, 270 AD2d 171). Therefore, it is entitled to dismissal of the third-party complaint.

The remaining issues addressed by the parties have been examined and found unpersuasive or academic under the circumstances.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

**2.** Insurance Law § 3426 (b) states in relevant part: "During the first sixty days a covered policy is initially in effect * * * no cancellation shall become effective until twenty days after written notice is mailed or delivered to the first-named insured at the mailing address shown in the policy and to such insured's authorized agent or broker."