■ FEDERAL INSURANCE COMPANY, Appellant, v SPECTRUM INSURANCE BROKERAGE SERVICES, INC., et al., Respondents. [758 NYS2d 21] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about March 6, 2002, to the extent it granted the motion by defendants Spectrum Insurance Brokerage Services, Inc. (Spectrum) and Joseph Mangano pursuant to CPLR 3211 and 3212 to dismiss the amended complaint as against them so as to dismiss those of plaintiff's claims against Spectrum and Mangano asserted by plaintiff as

subrogee of Sablons Investors, Inc. and Bankers Trust New York Corporation, and dismissing the second through sixth causes of action as against Mangano and Spectrum, and order, same court and Justice, entered on or about November 15, 2002, which, inter alia, granted the motion by defendants Spectrum and Joseph Mangano to renew so much of their prior summary judgment motion as had been denied and, upon renewal, granted the motion, dismissing the complaint against them, and granted the cross motion by defendant TIG Insurance Company (TIG) for, inter alia, a default judgment on its counterclaims, unanimously affirmed, with costs.

Subrogation entitles an insurer to stand in the shoes of its insured for the purpose of seeking indemnification from one or more third parties whose wrongdoing caused the loss for which the insurer was obligated to pay (see *ELRAC, Inc. v Ward*, 96 NY2d 58, 75 [2001]; *Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 373 [1998]; *Trans-Resources, Inc. v Nausch Hogan & Murray*, 298 AD2d 27, 34 [2002]). Plaintiff insurer, however, while purporting to sue as the subrogee of its insureds, is not suing the entity responsible for the injuries sustained by the worker in the underlying action. Rather, plaintiff seeks recovery from the broker who allegedly failed to procure sufficient insurance coverage for its subrogors as additional insureds, and the insurer with which the broker placed the coverage that it did obtain. In addition, the broker's duty is to its customer (here, the contractor) and not to additional insureds such as the parties insured by plaintiff (see *St. George v W.J. Barney Corp.*, 270 AD2d 171, 172 [2000]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 424 [1998]; see also *Glynn v United House of Prayer For All People*, 292 AD2d 319, 323 [2002]; *Marson Constr. Corp. v Illinois Union Ins. Co.*, 276 AD2d 294 [2000]). Since plaintiff's insureds do not possess a viable claim against the broker defendants, plaintiff may not assert a claim against the broker defendants as its insureds' subrogee. Moreover, plaintiff's insureds suffered no loss. It is clear that plaintiff as subrogee is seeking to recover for its own, not its insureds', loss.

Nor may plaintiff sue as an assignee of the contractor's rights since there is no evidence of any such assignment by the contractor. Even if an assignment could be inferred from the stipulation in the underlying personal injury litigation, any rights that the contractor may have transferred to plaintiff's insureds reverted back to the contractor when the former did not institute an action to enforce those rights within the six-month period set forth in the stipulation.

Plaintiff's challenge to the motion court's grant of that part of TIG's cross motion seeking a default judgment upon its counterclaims is without merit. Plaintiff admittedly did not respond to TIG's counterclaims against it, purportedly on the ground that they were too frivolous to answer. A party is not relieved from answering a counterclaim merely because it deems it frivolous. Plaintiff not only failed to request an extension of time in which to respond to defendant insurer's counterclaims but never submitted an affidavit of merit.

Finally, while we affirm the dismissal of plaintiff's claims for malpractice and/or negligence against the broker defendants, we do so only upon the above-stated grounds and not upon the alternative ground that those causes were time-barred, as the motion court found in the March 6, 2002 order. Contrary to the court's finding, the malpractice and/or negligence causes were not time-barred under the three-year statutory period prescribed in CPLR 214 (6) since that statutory period only applies to allegations of "malpractice" and "the alleged misfeasance of insurance agents and brokers toward their clients is not 'malpractice' within CPLR 214 (6)" (*Santiago v 1370 Broadway Assoc.*, 96 NY2d 765, 766 [2001]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.