■ WILMAR ARREDONDO et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. ALPS MECHANICAL, INC., Third-Party Plaintiff-Respondent-Appellant, v UTICA MUTUAL INSURANCE COMPANY, Third-Party Defendant, STATE NATIONAL INSURANCE COMPANY et al., Third-Party Defendants-Respondents-Appellants, and ADORNO-DENKER ASSOCIATES, INC., Third-Party Defendant-Appellant-Respondent. (And a Second Third-Party Action.) [775 NYS2d 150]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered June 23, 2003, which, to the extent appealed from as limited by the briefs, granted the summary judgment motion of State National Insurance Company (State National) and Morstan General Agency, Inc. (Morstan) against defendant and third-party plaintiff Alps Mechanical, Inc. (Alps Mechanical), but denied the summary judgment motion of Adorno-

Denker Associates, Inc. (Adorno-Denker), unanimously modified, on the law, to grant the motion for summary judgment by Adorno-Denker dismissing the third-party complaint against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

It is well settled that the duty of an insurance broker runs to its customer and not to any additional insureds since there is no privity of contract for the imposition of liability (*see Federal Ins. Co. v Spectrum Ins. Brokerage Servs.*, 304 AD2d 316, 317 [2003]; *Glynn v United House of Prayer For All People*, 292 AD2d 319, 323 [2002]; *St. George v W.J. Barney Corp.*, 270 AD2d 171 [2000]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 424 [1998]). Accordingly, the duty of Adorno-Denker, as the insurance broker of its client Mile High, ran to Mile High, not to its purported additional insured, Alps Mechanical. Inasmuch as Adorno-Denker owed no duty to Alps Mechanical, the claim of Alps Mechanical against Adorno-Denker should have been dismissed.

In light of the independent contractors exclusion provision contained in Mile High's policy, it is of no consequence whether Alps Mechanical had, in fact, been named an additional insured under the subject policy. The independent contractors exclusion would have barred coverage to Alps Mechanical even if it had been named an additional insured (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337 [2003]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.