■ THE INSURANCE CORPORATION OF NEW YORK, Appellant, v U.S. UNDERWRITERS INSURANCE COMPANY, Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. GINSBURG DEVELOPMENT CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [782 NYS2d 432]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered February 20, 2004, which, inter alia, upon the parties' respective motions for summary judgment, declared that defendant-respondent U.S. Underwriters Insurance Company is not obligated to defend and indemnify plaintiff-appellant Insurance Corporation's insured, third-party defendant-appellant general contractor Ginsburg, in an underlying action for personal injuries brought by an employee of U.S. Underwriters' insured, defendant subcontractor Gamma Builders, unanimously affirmed, with one bill of costs.

Insurance Corporation seeks a declaration that U.S. Underwriters, by reason of the policy it issued to subcontractor Gamma Builders, is obligated to defend and indemnify general contractor Ginsburg in an underlying action for personal

injuries brought by Gamma's employee. The motion court declared to the contrary on the ground that Ginsburg was not an additional insured on U.S. Underwriters' policy. We reject Insurance Corporation's claim that such finding was made sua sponte, or improperly based on an argument raised by U.S. Underwriters for the first time in reply papers (see *Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [2002]). On the merits, the certificate of insurance naming Ginsburg as an additional insured is not, by itself, sufficient to raise a factual issue as to the existence of coverage (see *Glynn v United House of Prayer For All People*, 292 AD2d 319, 322 [2002]). Nor is U.S. Underwriters' inclusion of the certificate in the certified copies of its policy it produced in disclosure and on these motions (assertedly clerical errors) the type of additional factor favoring coverage contemplated by *Horn Maintenance Corp. v Aetna Cas. & Sur. Co.* (225 AD2d 443, 444 [1996]).

We have considered appellants' other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.