| Saktaganov v 20 Arion LLC |
|:---:|
| 2024 NY Slip Op 34496(U) |
| December 23, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523138/19 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 23rd day of December, 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

------------------------------------------------------------------------X
SERKIBAY SAKTAGANOV and
ZAMIRA AIDAGARAYEVA,

                            Plaintiffs,

       -against-

20 ARION LLC, DOMOVOY, LLC, ALMA DESIGN INC.,
and V.A.N. CONSTRUCTION CORP.,

                           Defendants.
------------------------------------------------------------------------X
DOMOVOY LLC,

                    Third- Party Plaintiff,

       -against-

ALMA DESIGN INC.,

               Third-Party Defendant.
------------------------------------------------------------------------X
20 ARION LLC,

                Second Third-Party Plaintiff,

       -against-

ALMA DESIGN INC. and ASPIS RISK SERVICES CORP,

          Second Third-Party Defendants.
------------------------------------------------------------------------X

**DECISION AND ORDER**

Index No.: 523138/19

Motion Seq. 4

NYSEF Doc Nos.:

The following e-filed papers read herein:
Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____      110-117
Opposing Affidavits (Affirmations)_____      148-149
Affidavits/ Affirmations in Reply _____      151-153

Upon the foregoing papers, second third-party defendant Aspis Risk Services Corp. moves for an order, pursuant to CPLR 3211 (a) (1) and (7), dismissing defendant/second third-party plaintiff 20 Arion LLC's amended second third-party complaint insofar as asserted against it (Motion Seq. 4).

This action, premised upon allegations of common-law negligence, violations of Labor Law §§ 200, 240, 241 and seeking damages associated with loss of consortium, was commenced by the filing of a summons and complaint on October 23, 2019 (NYSCEF Doc No. 1). In their complaint, the plaintiffs

1

[* 1]

allege that, on August 7, 2019, the plaintiff Serikbay Saktaganov was working on the roof at the premises located at 20 Arion Place, Brooklyn, New York, when he fell, sustaining injury (NYSCEF Doc No. 1, at ¶¶ 30, 31, 33, 36, 40). The premises at issue was owned by 20 Arion LLC (20 Arion), which hired defendant/third-party plaintiff Domovoy LLC (Domovoy) as a general contractor (*id.* at ¶¶ 38, 52; NYSCEF Doc No. 49). Domovoy, in turn, subcontracted with defendant V.A.N. Construction Corp (VAN) (NYSCEF Doc No. 49). VAN thereafter subcontracted with defendant Alma Design Inc. (Alma) (NYSCEF Doc No. 49). On July 23, 2020, the plaintiffs moved to amend the summons and complaint, inter alia, to add VAN and Alma as party defendants (mot. seq. no. 2) (NYSCEF Doc Nos. 43-51), which was granted without opposition by order dated November 12, 2020 (NYSCEF Doc No. 61). Thereafter, Domovoy, 20 Arion, and VAN filed answers asserting affirmative defenses and cross-claims (NYSCEF Doc Nos. 68, 69, 73).

Domovoy subsequently filed a third-party summons and complaint naming Alma as third-party defendant, asserting causes of action sounding in common law indemnity, contribution, contractual indemnity, and breach of contract for failure to procure insurance (NYSCEF Doc Nos. 3-4, 33).

20 Arion commenced a second third-party action against Alma, asserting causes of action sounding in common law indemnity, contribution, contractual indemnity, and breach of contract for failure to procure insurance, and as against Aspis Risk Services Corp. (Aspis), asserting claims sounding in fraud and negligent misrepresentation (NYSCEF Doc Nos. 22-24, 93). As against Apsis, the amended second third-party complaint alleges that 20 Arion retained Aspis as its insurance broker to obtain liability insurance for the subject premises, and that the certificate of liability insurance, annexed to the complaint, "clearly and unambiguously represented to 20 Arion that liability insurance had been obtained for the Subject Property, and was in full force and effect at the time of the Alleged Injury" (NYSCEF Doc No. 93 at ¶¶ 14-16, 28). 20 Arion alleges that, "[n]otwithstanding the issuance of the Certificate of Liability Insurance, at all times relevant hereto, no policy of liability insurance had been issued that covered the Subject Property" (*id.* at ¶ 29). The amended second third-party complaint further alleges that "Aspis

2

[* 2]

intended to deceive 20 Arion" by the issuance and delivery of the Certificate of Liability Insurance, and that "20 Arion reasonably relied on the representations in the Certificate" (*id.* at ¶ 30, 31).

In support of its cause of action sounding in negligence, 20 Arion alleges that, "[u]pon the request made by 20 Arion to Aspis, Aspis had a duty to provide 20 Arion with a true, correct and accurate Certificate of Liability Insurance which accurately represented the policy of liability insurance that was in effect covering the Subject Premises at the time of the Alleged Injury." (*id.* at ¶ 34). As a result of Aspis's alleged failure to do so, 20 Arion asserts that "Aspis breached this duty of care" and "[a]s a result of this negligence, 20 Arion did not have a policy of liability insurance in effect at the time of the Alleged Injury" (*id.* at ¶¶ 35-36).

The certificate of liability insurance ("Certificate") annexed to the amended second third-party complaint lists Aspis as the producer, and Domovoy as the insured under the subject policy numbers (*id.* at 13). 20 Arion is named as a certificate holder, and the certificate indicates in its description that "[i]n accordance with [sic] the terms and conditions of the policy, the certificate holder is added as an additional insured to the policy" (*id.*). The Certificate further includes the following disclaimer:

> "This Certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies below. This Certificate of Insurance does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the Certificate Holder." (*id.*)

On October 27, 2022, Aspis moved, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the amended second third-party complaint insofar as asserted against it (NYSCEF Doc Nos. 110-117). In support of its motion, Aspis includes the affidavit of Anna Kalonaros, the President of Aspis, who avers that "Vasil Tortskiuk … from V.A.N. Construction … asked for a Certificate of Insurance listing 20 Arion as an additional insured on a Commercial General Liability Policy issued to Aspis' former client, Domovoy" and that "20 Arion has never been a client of Aspis" (NYSCEF Doc No. 116, at ¶¶ 6, 8). Aspis also includes in support of its motion a series of emails reflecting communications between VAN and Aspis regarding the certificate (NYSCEF Doc No. 115). Aspis argues that these submissions

[* 3]

conclusively establish the lack of privity between 20 Arion and Aspis, and that 20 Arion's cause of action sounding in negligence must therefore be dismissed as Aspis owed no duty of care to 20 Arion. Aspis further argues that 20 Arion has failed to state a cognizable cause of action sounding in fraud due to its failure to adequately plead justifiable reliance on the statements in the certificate. In this regard, Aspis notes the explicit disclaimer language contained within the certificate, as well as 20 Arion's failure to plead a misrepresentation allegedly made by Aspis directly to it.

In opposition, 20 Arion asserts that, upon consideration of a motion pursuant to CPLR 3211 (a) (7), the facts as alleged in the complaint must be accepted as true. 20 Arion contends that since the amended second third-party complaint alleged that 20 Arion had retained Aspis to provide services in obtaining liability insurance for the subject premises, it has adequately established privity sufficient to sustain a cause of action sounding in negligence at this juncture in the litigation (NYSCEF Doc. No. 93 at ¶ 14). In further support of this contention, 20 Arion annexes to its opposition papers a series of email communications between representatives of Aspis and on behalf of 20 Arion (NYSCEF Doc No. 149). 20 Arion further argues that its allegation that "20 Arion reasonably relied on the representations in the Certificate of Liability Insurance" (NYSCEF Doc No. 93) is sufficient to establish the element of justifiable reliance necessary to sustain a cause of action sounding in fraud, and that this branch of Aspis's motion must therefore also fail.

In reply, Aspis highlights that 20 Arion has neither provided additional details or additional allegations in support of its cause of action sounding in fraud, to ameliorate any deficiencies thereof, nor provided a client affidavit or any other evidence sufficient to "raise an issue of fact as to the relationship between 20 Arion and Aspis" (NYSCEF Doc No. 153 at 10).

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the court must accept the facts as alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, 'bare legal conclusions as well as factual claims flatly contradicted

4

[* 4]

by the record are not entitled to any such consideration'" (*Cruciata v O'Donnell & Mclaughlin, Esqs.*, 149 AD3d 1034, 1035 [2d Dept 2017], quoting *Everett v Eastchester Police Dept.*, 127 AD3d 1131, 1132 [2d Dept 2015]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (*Clevenger v Yuzek*, 222 AD3d 931, 934 [2d Dept 2023]).

In contrast, a motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2d Dept 2010]). "In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (*Bianco v Law Offices of Yuri Prakhin*, 189 AD3d at 1328). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (*id.*).

"A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (*Da Silva v Champ Constr. Corp.*, 186 AD3d 452, 454 [2d Dept 2020]). "The plaintiff must show not only that he [or she] actually relied on the misrepresentation, but also that such reliance was reasonable" (*Spector v Wendy*, 63 AD3d 820, 821-822 [2d Dept 2009]). "[M]ere conclusory language, absent specific and detailed allegations establishing a material misrepresentation of fact, knowledge of falsity or reckless disregard for the truth, scienter, justifiable reliance, and damages proximately caused thereby, is insufficient to state a cause of action for fraud" (*Old Republic Nat. Title Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2d Dept 2005]).

[* 5]

Here, accepting the facts alleged in support of the fraud cause of action against Aspis as true, and according 20 Arion the benefit of every favorable inference, the amended second third-party complaint fails to set forth a cognizable fraud claim with sufficient particularity to satisfy the requirements of CPLR 3016 (b) (*see IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d 704, 707 [2d Dept 2013]). Although 20 Arion alleged, broadly, that it "reasonably relied on the representations in the Certificate of Liability Insurance" (NYSCEF Doc No. 93, at ¶ 31), Aspis's documentary submissions, which included a copy of the certificate of insurance, utterly refute this factual allegation on which 20 Arion's fraud claim is based. Specifically, 20 Arion's alleged reasonable reliance on the representations in the certificate of insurance is refuted by the certificate's disclaimer language notifying the certificate holder that the certificate was "issued as a matter of information only and confers no rights upon the certificate holder" and does not "amend, extend or alter the coverage afforded by the policies below" (NYSCEF Doc No. 114). Indeed, "it was unreasonable for [20 Arion] to rely on [that certificate] for coverage in the face of th[at] disclaimer language" (*Da Silva v Champ Constr. Corp.*, 186 AD3d 452, 454 [2d Dept 2020], quoting *Greater N.Y. Mut. Ins. Co v White Knight Restoration*, 7 AD3d 292, 293 [1st Dept 2004] [fraud claim against insurance broker, "based on the inaccurate certificates, were properly dismissed because it was unreasonable to rely on them for coverage in the face of their disclaimer language"]; *see also Midura v The 740 Corp.*, 2002 WL 34452935 [Sup Ct, Kings County 2002, Rappaport, J.]). Accordingly, 20 Arion's fraud claim as against Aspis is dismissed.

Aspis next argues that 20 Arion's fourth cause of action, sounding in negligent misrepresentation, must also be dismissed, as there exists no privity between the parties. As to this claim, the amended second third-party complaint alleges that Aspis had a duty to provide it with an accurate certificate of liability, and that Aspis breached that duty by providing it with a certificate which represented that a policy of liability insurance was in effect at the relevant time when, in fact, no such policy actually existed (NYSCEF Doc No. 93, ¶¶ 34-35). "In order to prevail on a cause of action sounding in negligent misrepresentation, a plaintiff is required to demonstrate '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the

[* 6]

information was incorrect; and (3) reasonable reliance on the information'" (*Ramsarup v Rutgers Cas. Ins. Co.*, 98 AD3d 494, 496 [2d Dept 2012], *quoting J.A.O Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]).

"It is well settled that the duty of an insurance broker runs to its client or customer and does not extend to a purported additional insured on a policy procured by such broker since there is no privity of contract giving rise to liability" (*Arredondo v City of New York*, 6 AD3d 328, 329 [1st Dept 2004], citing *American Ref-Fuel Co. of Hempstead v Resource Recycling, Inc.*, 248 AD2d 420 424 [2d Dept 1998]). Here, 20 Arion alleges that it "retained Aspis as a licensed insurance broker in the State of New York to obtain liability insurance for the Subject Property" (NYSCEF Doc No. 93, at ¶ 14). Aspis argues that, based on the submission of the affidavit of the President of Aspis, in which she avers that 20 Arion has never been a client of Aspis (NYSCEF Doc No. 116 at ¶ 8), and due to 20 Arion's failure to provide any additional evidentiary support for the allegation in its complaint that it retained Aspis as an insurance broker (NYSCEF Doc No. 93 at ¶ 14), it has conclusively established that 20 Arion's factual allegation that the parties were in privity is, indeed, not a fact at all. Therefore, Aspis argues that any cause of action sounding in negligence must fail.

Here, even if there were privity between 20 Arion and Aspis, the cause of action for negligent misrepresentation, based on the inaccurate certificate, fails to state a cause of action inasmuch as it was unreasonable as a matter of law for 20 Arion to have relied on the certificate in the face of the disclaimer therein (*see Greater New York Mut. Inc. Co.*, 7 AD3d at 293; *Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos.*, 303 AD2d 245, 246 [1st Dept 2003] [where . . . certificates of insurance contain disclaimers that they are for information only, they may not be used as predicates for a claim of negligent misrepresentation"]). Accordingly, 20 Arion's negligent misrepresentation claim must also be dismissed.

All arguments raised on the motion and evidence submitted by the parties in connection thereto have been considered by this court, regardless of whether they are specifically discussed herein. Accordingly, it is hereby,

ORDERED that the motion of second third-party defendant Aspis (mot. seq. no. 4), pursuant to

CPLR 3211(a), to dismiss the amended second third-party complaint as against it is granted and the

second third-party action is dismissed as against Aspis and severed accordingly.

The foregoing constitutes the decision, order and judgment of the court.

_____
Hon. Ingrid Joseph J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

8