(April 22, 1999)

■ LANE R. BLOCK, Respondent, v NICO CONSTRUCTION COMPANY, INC., et al., Respondents, et al., Defendants. NICO CONSTRUCTION COMPANY, INC., Third-Party Plaintiff-Respondent, v ADCO ELECTRICAL CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.) [688 NYS2d 550] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about January 23, 1998, which, to the extent appealed from as limited by appellant's brief, granted the motions of defendant owner 1290

Associates (1290), and defendant general contractor Nico Construction Company for a directed verdict upon their third-party claims for contractual and common-law indemnification against third-party defendant-appellant Adco Electrical Corporation, and order, same court (Richard Lowe, III, J.), entered April 16, 1997, to the extent it granted plaintiff partial summary judgment as to liability under Labor Law § 240, unanimously affirmed, with costs and disbursements.

Subsequent to a trial ruling directing a verdict in favor of defendants Nico and 1290 to the extent of finding that they had not been negligent in connection with plaintiff's accident, the court, properly relying upon the indemnification clause contained in the work purchase agreements between Nico and Adco, admitted into evidence upon the parties' consent, correctly held in the order appealed that third-party defendant Adco was contractually bound to indemnify third-party plaintiffs Nico and 1290 to the extent of their vicarious liability to plaintiff by reason of plaintiff's claims against them pursuant to Labor Law § 240 (1) (see, Buccini v 1568 Broadway Assocs., 250 AD2d 466).

Adco's claim that the trial court initially erred in sua sponte directing a verdict in Nico's favor upon the issue of negligence is unpreserved since Adco did not object at trial to the court's consideration of Nico's negligence "as a matter of law." In any event, the court properly found that given the condition of the "joint compound" on the ladder and the absence of any evidence of how it got there, there was no evidence of notice to support a finding of negligence against Nico or any other party. This was especially true since Adco was admittedly in charge of the storage of its ladders.

We have considered and rejected appellant's other contentions. Concur—Ellerin, P. J., Nardelli, Tom and Andrias, JJ.