■ TIMOTHY BRONZINO, Plaintiff, v NYNEX et al., Defendants. NEW YORK TELEPHONE COMPANY, Third-Party Plaintiff-Respondent, v BASS & D'ALESSANDRO, INC., Third-Party Defendant, and JOE DEMASCO INTERIOR RENOVATIONS, Third-Party Defendant-Appellant. [692 NYS2d 342] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 16, 1998, as amended by an order of the same court and Justice, entered December 11, 1998, which, to the extent appealed from as limited by appellant's brief, granted defendant and third-party plaintiff New York Telephone's motion for summary judgment on its third-party complaint seeking common-law indemnification as against Joe Demasco Interior Renovations, unanimously affirmed, without costs.

The deposition testimony and other evidence in the record fails to demonstrate that New York Telephone exercised any direct control over the manner in which the plaintiff performed the demolition work in the course of which he was injured. Accordingly, since there exists no common-law ground upon which to hold New York Telephone accountable for plaintiff's injury, its liability therefor being purely statutory, it was properly awarded judgment upon its claim for common-law indemnification as against plaintiff's employer, third-party defendant Joe Demasco Interior Renovations, the party with direct supervisory authority over plaintiff's work at the time of his accident and injury (*see*, *Buccini v 1568 Broadway Assocs.*, 250 AD2d 466, 468). Concur—Wallach, J. P., Rubin, Andrias and Saxe, JJ.