CIT Group/Equip. Fin., Inc. v Starr Surplus Lines Ins. Co. (2021 NY Slip Op 05660)





CIT Group/Equip. Fin., Inc. v Starr Surplus Lines Ins. Co.


2021 NY Slip Op 05660


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 654448/18 Appeal No. 14361-14361A-14361B Case No. 2020-04601 

[*1]The CIT Group/Equipment Financing, Inc., Plaintiff-Respondent,
v
Starr Surplus Lines Insurance Company et al., Defendants-Appellants.


Clyde & Co US LLP, New York (Christopher Carlsen of counsel), for appellants.
Blank Rome LLP, New York (Robyn L. Michaelson of counsel) and Omid Safa, of the bar of the District of Columbia, admitted pro hac vice, for respondent.



Amended judgment, Supreme Court, New York County (Andrew Borrok, J.), entered February 2, 2021, in favor of plaintiff in the amount of $4,256,774.55, and bringing up for review an order, same court and Justice, entered September 24, 2020, which granted plaintiff's motion for summary judgment and denied defendant insurers' motion for summary judgment, and an order, same court and Justice, entered January 29, 2021, which granted plaintiff's motion to amend the judgment to provide for prejudgment interest from August 29, 2018, unanimously reversed, on the law, with costs, the amended judgment vacated, plaintiff's motion for summary judgment denied, and defendant insurers' motion for summary judgment granted to the extent of declaring that no coverage exists under the 2013-2014 and 2015-2016 policies. Appeals from the original judgment and the above orders unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment.
In this dispute in which plaintiff seeks insurance coverage for an airplane it owned and which Brazil's Federal Revenue Secretariat (FRS) confiscated from its lessee, Supreme Court correctly concluded that plaintiff's loss occurred during the 2014-2015 policy year. While the FRS issued a confiscation order during the 2013-2014 policy year, the confiscation order was subsequently suspended by a Brazilian court pending the outcome of litigation challenging it and plaintiff had physical possession of the aircraft, which it was in the process of repossessing, until a Brazilian court suspended its repossession during the 2014-2015 policy year, after which it never regained possession. Seizure of the plane "obviously" would not have constituted a loss had it been returned; rather plaintiff's "dispossession from the property [that] was never remedied" constituted the loss (International Multi-Foods Corp. v Commercial Union Ins. Co., 309 F3d 76, 84 [2d Cir 2002]).
Nevertheless, plaintiff failed to demonstrate, as a matter of law, that an exception to the Government of Registry exclusion applied. Pursuant to this exclusion, coverage was excluded for confiscation, nationalization, seizure, restraint, detention, appropriation, requisition for title or use by the government of registry "except where the Policy of the Operator writes back coverage" for such confiscation, nationalization seizure, restraint, detention, appropriation, or requisition for title or use. The insurance certificate that plaintiff provided describing the coverage that its lessee obtained is evidence of the insurer's intent to provide coverage, but it is not a contract . . ., nor is it conclusive proof, standing alone that such a contract exists" (Buccini v 1568 Broadway Assoc. , 250 AD2d 466, 469 [1st Dept 1998]). Defendant insurers' contention that the insurance certificate was not properly authenticated is unpreserved. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October [*2]14, 2021